IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 10 B 12848 |
| CLASSICO GRANITE & MARBLE, INC., ) | Hon. Bruce Black |
| ) | Chapter 11 |
| Debtor and Debtor-in-Possession. ) | |

## NOTICE OF MOTION

TO:    See Attached Service List.

**PLEASE TAKE NOTICE** that on April 14, 2010, at the hour of 9:30 a.m. (Central time), or as soon thereafter as counsel may be heard, the undersigned shall appear before the Honorable Bruce Black, United States Bankruptcy Judge, in the courtroom usually occupied by him in the Dirksen Federal Courthouse, Room 615, 219 South Dearborn Street, Chicago, Illinois 60604, or in his absence, before such judge who may be sitting in his place and stead, and shall then and there present the **Debtor's Motion For Entry Of Agreed Order For Authorization To Use Cash Collateral**, at which time and place you may appear and be heard if you see fit. A copy of the motion is attached hereto and herewith served upon you.

                                        Steven S. Potts (ARDC #6200073)
                                        2349 Walters Avenue
                                        Northbrook, Illinois 60062
                                        (847) 291-6823

## CERTIFICATE OF SERVICE

The undersigned attorney certifies under penalty of perjury that he caused a copy of the above notice and referenced motion to be served upon the above-named parties at the addresses indicated by depositing same in the U.S. Mail, addressed thereto, first class postage prepaid, before the hour of 4:00 p.m., on March 30, 2010.

                                         /s/ Steven S. Potts

<u>In re: Classico Marble & Granite, Inc.</u>
Case No. 10 B 12848

# SERVICE LIST
(ALL KNOWN CREDITORS AND PARTIES-IN-INTEREST)

U.S. Trustee
Dirksen Federal Courthouse
219 S. Dearborn Street, Suite 873
Chicago, IL 60604

Illinois Department of Revenue
Bankruptcy Section
ATTN: Kevin Harlowe, RTS3
P.O. Box 64338
Chicago, IL 60664-0338

Illinois Department of Revenue
ATTN: James Newbold, Asst. Atty. General
         Faith Dolgin, Asst. Atty. General
100 W. Randolph Street, #13-219
Chicago, IL 60601-3218

D. Patrick Mullarkey
Tax Division (DOJ)
P.O. Box 55
Ben Franklin Station
Washington, DC 20044

Internal Revenue Service
c/o United States Attorney
219 South Dearborn Street
Chicago, IL 60604

Stone Gallery International
1340 W. Ardmore Avenue
Itasca, IL 60143

Salvatore Lo Duca
c/o Stone Gallery International
1340 W. Ardmore Avenue
Itasca, IL 60143

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:                                          )
                                                )     Case No. 10 B 12848
CLASSICO GRANITE & MARBLE, INC.,                )     Hon. Bruce Black
                                                )     Chapter 11
      Debtor and Debtor-in-Possession.          )

### DEBTOR'S MOTION FOR ENTRY OF AGREED ORDER FOR AUTHORIZATION TO USE CASH COLLATERAL

Classico Marble & Granite, Inc., Debtor In Possession (the "Debtor" or "DIP"), by its attorney, pursuant to, *inter alia*, Title 11 U.S.C. §363(c)(2) and Fed.R.Bankr.P. 4001, states the following as its motion for entry of agreed order for authorization to use cash collateral:

1.   This case was commenced by Debtor's voluntary filing of a petition for relief under Chapter 11 of Title 11 U.S.C. (the "Bankruptcy Code") on March 24, 2010. This is a Small Business Case as defined by §101(51D) of the Bankruptcy Code and Fed.R.Bankr.P. 1020, and accordingly Debtor does not anticipate the formation of any Committee of Unsecured Creditors in this case.

2.   The Debtor is engaged in the business of fabrication and installation of marble and granite products such as countertops, tile and other stone materials in residential and commercial properties.

3.   The Debtor has been engaged in business since approximately 1994. During 2007, however, the then two shareholders of the Debtor, Salvatore Lo Duca and Giuseppe Giannola, had a falling-out and at that time agreed to split-up their ownership of the Debtor and another corporation they co-owned. Pursuant to such agreement, Mr. Lo Duca obtained sole ownership of the Debtor and Mr. Giannola obtained sole ownership of the other then jointly-owned corporation.

4. However, during the period from 2002 to 2007, the Debtor had incurred sales tax liability to the State of Illinois, Department of Revenue (the "IDOR"), which liability had not been liquidated as to amount or paid as of the date of the agreement to split-up of ownership of the corporations. Pursuant to Mr. Lo Duca's and Mr. Giannola's agreement each agreed to continue to be responsible for payment of a proportionate share of the unpaid sales tax liability to the IDOR.

5. On information and belief, as of January 13, 2010, the unpaid sales tax liability owed by the Debtor to the IDOR had still not been paid, and the total amount due the IDOR had grown to the sum of $240,186.31 including all accrued interest and penalties.

6. On January 21, 2010, the IDOR recorded with the Office of the DuPage County Recorder of Deeds, as document no. R2010-009781, a statutory lien against all property of the Debtor on account of the Debtor's unpaid sales tax liability (the "Lien"). A true and correct copy of the Lien is attached hereto as Exhibit 1.

7. On or about March 8, 2010, the IDOR served a levy on Debtor's checking account(s) at Midwest Bank, obtaining payment therefrom on or about March 11, 2010, of the sum of $12,936.69 in partial satisfaction of the Debtor's sales tax liability to the IDOR. A true and correct copy of the cashier's check paid to the IDOR and debit memo reflecting such payment is attached hereto as Exhibit 2.

8. On March 24, 2010, the IDOR carried out a seizure of the Debtor's property which included taking possession of the Debtor's business premises at 355 Fairbank Street, Addison, Illinois, and all assets located therein. The IDOR's seizure led to the filing of this case later that same day.

9. On March 25, 2010, the IDOR filed a proof of claim in this case asserting a secured claim for the sum of $205,277.02 (for tax and interest) plus an unsecured claim for $36,425.00 (for penalties), which amounts total the sum of $241,702.02 (the "Proof of Claim").[1] A true and correct copy of the Proof of Claim is attached hereto as Exhibit 3.

10. On or about March 26, 2010, after being given notice of the commencement of this case, the IDOR released possession of the Debtor's business premises and the property located therein to the Debtor.

11. The Debtor does not dispute that the IDOR holds a valid, subsisting first position lien on all property of the Debtor as the IDOR has asserted in the Lien and its Proof of Claim.

12. Notwithstanding the commencement of this case, pursuant to §363(c)(2) of the Bankruptcy Code, the Debtor is prohibited from using the IDOR's cash collateral (as defined in §363 of the Bankruptcy Code) without the IDOR's consent and the approval of this Court.

13. Debtor needs to be able to use its cash and the cash proceeds of its property and contracts in order to fund ongoing operations as Debtor undergoes the process of formulating a confirmable plan of reorganization in this case.

14. The IDOR has requested and the Debtor has agreed to various conditions under which the IDOR will and has consented to the Debtor's use of cash collateral, which conditions are summarized as follows:

    A. The Debtor will make adequate protection payments to the IDOR in the amount of $5,000.00 per month;

    B. The Debtor will grant the IDOR a replacement lien on all proceeds of the Debtor's property and on all post-petition property; and

---

[1] It does not appear the amount claimed by the IDOR in its Proof of Claim includes a credit for the $12,936.69 the IDOR obtained from the levy of Debtor's account(s) at Midwest Bank.

    C.  The Debtor will grant certain rights of inspection to the IDOR and the right to receive periodic reports of operations of the Debtor.[2]

15.    In order to fully set forth all the conditions under which the IDOR consents to the Debtor's use of cash collateral the Debtor and the IDOR have agreed to the form and entry of a proposed agreed order, a copy of which is attached hereto.

16.    Debtor believes the conditions requested by the IDOR for Debtor's use of cash collateral are reasonable, that Debtor has the capacity and willingness to satisfy those conditions, and that entry of the proposed agreed order for Debtor's use of cash collateral is appropriate, necessary, and in the best interests of the Debtor and its creditors.

17.    Pursuant to Fed.R.Bankr.P. 4001 Debtor has caused to be served not less than 14 days notice of this motion and the request for entry of the proposed agreed order upon the U.S. Trustee and all known creditors and parties in interest in this case. Debtor believes such notice is appropriate and sufficient and that no further notice is required.

**WHEREFORE,** Classico Marble & Granite, Inc., Debtor In Possession, prays this Court to enter the attached agreed Final Order Authorizing Use Of Cash Collateral, or an order substantially similar thereto, and to grant such further relief as this Court deems just and fair.

                        Respectfully submitted,
                        Classico Marble & Granite, Inc, Debtor In Possession
              BY:/s/ Steven S. Potts
                        Steven S. Potts, Attorney for Debtor In Possession

Steven S. Potts (ARDC #6200073)
2349 Walters Avenue
Northbrook, Illinois 60062
(847) 291-6823

---

[2] The IDOR also requested an affidavit from Mr. Lo Duca averring that since 2007 the Debtor has paid sales tax to its vendors for Debtor's purchases of marble and stone products used in performing Debtor's contracts with its customers, which affidavit Mr. Lo Duca has indicated he will sign though a signed and notarized original of same had not as of the filing of this motion been received by Debtor's counsel for tender to the IDOR. In the interim, counsel for the Debtor and the IDOR agreed it would be appropriate to notice this motion for hearing on the expectation that such affidavit will be provided by the hearing date.